CLD-012                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2874
_____

UNITED STATES OF AMERICA

v.

GARY RAMSEY, a/k/a "ROCK"

GARY RAMSEY,
                                        Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00005-004)
District Judge:  Honorable William H. Yohn
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 15, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: October 26, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Gary Ramsey, a federal prisoner presently confined in USP Hazelton, appeals pro

se from the District Court's order denying his motion to dismiss the indictment. Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

A jury for the Eastern District of Pennsylvania convicted Ramsey of numerous crimes arising out of two armed bank robberies. The court sentenced to him to 900 months of imprisonment in October 2002. This Court affirmed in October 2003. See United States v. Ramsey, 80 F. App'x 168 (3d Cir. 2003). The District Court denied his 28 U.S.C. § 2255 motion in February 2006, and we denied a certificate of appealability. See C.A. 06-1671.

In June 2010, Ramsey filed a motion to dismiss certain counts in the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). He claimed that the indictment was deficient because it did not allege that he robbed a "national bank" within the meaning of the bank robbery statute. See 18 U.S.C. § 2113. The District Court denied the motion as frivolous, noting that Rule 12(b)(3)(B) relates to motions raised before trial or while the case is pending. Ramsey filed a timely notice of appeal.

Motions alleging a defect in an indictment must be made before trial. Fed. R. Crim. P. 12(b)(3). However, "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). Ramsey argues that the District Court incorrectly denied his motion, since he challenged the indictment on the ground that it failed to state an offense. However, the District Court properly denied the motion

2

outright, given that his case is no longer "pending." Furthermore, this Court previously rejected a similar claim in denying his motion for certificate of appealability in 2006. See C.A. 06-1671.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order denying the motion. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.